**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| OTTER PRODUCTS, LLC and TREEFROG DEVELOPMENTS, INC., | ) ) | Case No. 17-cv-01041 |
| | ) | |
| Plaintiffs, | ) | **Judge Ronald A. Guzman** |
| | ) | |
| v. | ) | **Magistrate Judge Sheila M. Finnegan** |
| | ) | |
| 2015OUTLETS4U, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiffs' Otter Products, LLC ("OtterBox") and Treefrog Developments, Inc. ("Treefrog") (together, "Plaintiffs") Motion for Entry of a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiffs' Motion for Entry of a Preliminary Injunction in its entirety against the defendants identified on Schedule A to the Amended Complaint and attached hereto (collectively, the "Defendants").

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet stores through which Illinois residents can purchase products using counterfeit versions of Plaintiffs' Trademarks (a list of which is included in the below chart).

| Registration No. | Mark | Date of Registration | International Classes |
|---|---|---|---|
| 3,623,789 | DEFENDER SERIES | May 19, 2009 | For: Protective cases for interactive, handheld electronic |

| | | | |
|---|---|---|---|
| | | | devices, namely, portable music players, portable video players and tablet computers in class 009. |
| 3,788,534 | OTTERBOX | May 11, 2010 | For: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers in class 009. |
| 3,788,535 | OTTER BOX | May 11, 2010 | For: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers in class 009. |
| 3,791,318 |  | May 18, 2010 | For: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers in class 009. |
| 3,865,367 | WE'VE GOT TECHNOLOGY COVERED | October 19, 2010 | For: Protective cases for interactive, handheld electronic devices namely, portable music players, portable video players, phones and computers; protective carrying cases specially adapted for portable music players, portable video players, phones and computers in class 009. |
| 3,963,182 | COMMUTER SERIES | May 17, 2011 | For: Protective cases for handheld electronic devices, namely, multifunctional mobile phones, portable music players, portable video players and computers in class 009. |

| 4,372,399 | MADE FOR ADVENTURE | July 23, 2013 | For: Protective covers and cases for handheld electronic devices, namely, cell phones, portable media players, tablets, personal digital assistants, e-book readers, and computers; protective covers and cases for computers in class 009. |
|---|---|---|---|
| 4,372,400 | MADE FOR ACTION | July 23, 2013 | For: Protective covers and cases for handheld electronic devices, namely, cell phones, portable media players, tablets, personal digital assistants, e-book readers, and computers; protective covers and cases for computers in class 009. |
| 4,616,874 | DEFENDER SERIES | October 7, 2014 | For: Protective covers and cases for personal electronic devices, namely, cell phones in class 009. |
| 4,057,201 | LIFEPROOF | Nov. 15, 2011 | For: accessories for electronic goods and communications apparatus, namely, protective housings, carrying cases, cases and covers for portable electronic goods and communications apparatus, namely, cell phones, lap tops, tablet computers for ebook, magazine and newspaper reading, and portable media players in class 009. |
| 4,285,129 | LET'S GO! | Feb. 5, 2013 | For: Protective covers specially adapted for personal electronic devices and communications apparatus, namely, cell phones, lap tops, tablet computers for Ebook, magazine and newspaper reading, and accessories for cell phones, lap tops, and tablet computers for Ebook, magazine and newspaper reading, namely, belt clips, bar mounts and mount |

3

| | | | |
|---|---|---|---|
| | | | adapters, armbands, and headphone adapters in class 009.<br><br>For: On-line retail store services featuring protective covers and accessories for personal electronic devices in class 035. |
| 4,301,438 |  | Mar. 12, 2013 | For: Protective covers specially adapted for personal electronic devices, and accessories for personal electronic devices, namely belt clips, bar mounts and mount adapters, armbands, and headphone adapters in class 009.<br><br>For: On-line retail store services featuring protective covers and accessories for personal electronic devices in class 035. |
| 4,519,288 | LIFEPROOF | April 22, 2014 | For: Protective cases, carrying cases, casings, and covers for portable electronic devices, namely, cell phones, portable media players, electronic tablets, electronic book readers, and laptop computers; cases and holsters specially adapted for holding or carrying mobile electronic devices, namely, mobile phones, electronic tablets, electronic book readers; accessories specifically adapted for mobile electronic devices, namely, belt clips, shoulder straps, or hand straps sold as a unit with the bags, cases, and holsters in class 009. |
| 4,520,890 |  | April 29, 2014 | For: Protective cases, carrying cases, casings, and covers for portable electronic devices, namely, cell phones, portable media players, electronic tablets, |

| | | | | |
|---|---|---|---|---|
| | | | | electronic book readers, and laptop computers; cases and holsters specially adapted for holding or carrying mobile electronic devices, namely, mobile phones, electronic tablets, electronic book readers; accessories specially adapted for mobile electronic devices, namely, belt clips, shoulder straps, and hand straps in class 009. |
| 4,522,877 |  | | April 29, 2014 | For: Protective cases, carrying cases, casings, and covers for portable electronic devices, namely, cell phones, portable media players, electronic tablets, electronic book readers, and laptop computers; cases and holsters specially adapted for holding or carrying mobile electronic devices, namely, mobile phones, electronic tablets, electronic book readers; accessories specifically adapted for mobile electronic devices, namely, belt clips, shoulder straps, or hand straps sold as a unit with the bags, cases, and holsters in class 009. |

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiffs' previously granted Motion for Entry of a Temporary Restraining Order establishes that Plaintiffs have demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiffs will suffer irreparable harm if the injunction is not granted. Specifically, Plaintiffs

have proved a *prima facie* case of trademark infringement because (1) Plaintiffs' Trademarks are distinctive marks and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use any of Plaintiffs' Trademarks, and (3) Defendants' use of Plaintiffs' Trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiffs. Furthermore, Defendants' continued and unauthorized use of Plaintiffs' Trademarks irreparably harms Plaintiffs through diminished goodwill and brand confidence, damage to Plaintiffs' reputations, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiffs have an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. As such, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be preliminarily enjoined and restrained from:

    a. using Plaintiffs' Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine OtterBox or LifeProof Product or not authorized by Plaintiffs to be sold in connection with Plaintiffs' Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine OtterBox or LifeProof Product or any other product produced by Plaintiffs, that is not Plaintiffs' or not produced under the authorization, control or supervision of Plaintiffs and approved by Plaintiffs for sale under Plaintiffs' Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

d. further infringing Plaintiffs' Trademarks and damaging Plaintiffs' goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear any of Plaintiffs' trademarks, including the Plaintiffs' Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order, shall, at Plaintiffs' choosing:

a. unlock and change the registrar of record for the Defendant Domain Names to a registrar of Plaintiffs' selection until further ordered by this Court; or

b. disable the Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

3. The domain name registrars, including, but not limited to, GoDaddy Operating Company, LLC ("GoDaddy"), Name.com, PDR LTD. d/b/a PublicDomainRegistry.com ("PDR"), and Namecheap Inc. ("Namecheap"), within three (3) business days of receipt of this Order, shall take any steps necessary to transfer the Defendant Domain Names to a

registrar account of Plaintiffs' selection so that the Defendant Domain Names can be redirected or disabled until further ordered by this Court.

4.    Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' websites at the Defendant Domain Names or other websites operated by Defendants, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, and Alibaba, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo, and domain name registrars, including, but not limited to, GoDaddy, Name.com, PDR, and Namecheap, (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Plaintiffs expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a.  the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses;

b.  the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplace Accounts, the Defendant Domain Names, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplace Accounts and Defendant Domain Names;

c.  Defendants' websites and/or any Online Marketplace Accounts;

d.  the Defendant Domain Names or any domain name registered by Defendants; and

e.  any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions including, without limitation, PayPal, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5.  Upon Plaintiffs' request, those in privity with Defendants and those with notice of the injunction, including the Third Party Providers as defined in Paragraph 4, shall, within five (5) business days after receipt of such notice:

a.  disable and cease providing services being used by Defendants, to engage in the sale of goods using the Plaintiffs' Trademarks;

b.  disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiffs' Trademarks; and

c.  take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

6.  Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily and preliminarily restrained and enjoined from

transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7.     PayPal, Inc. ("PayPal") shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

a.  locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any PayPal accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibits 6 and 7 to the Declaration of Kevin S. McPherson, and any e-mail addresses provided for Defendants by third parties; and

b.  restrain and enjoin any such accounts or funds that are China or Hong Kong based from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

8.     Plaintiffs may provide notice of these proceedings to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), by electronically publishing a link to the Amended Complaint, this Order and other relevant documents on a website to which the Defendant Domain Names which are transferred to Plaintiffs' control will redirect, or by sending an e-mail to the e-mail addresses identified in Exhibits 6 and 7 to the Declaration of Kevin S. McPherson and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of the Court is directed to issue a single original summons in the name of "2015OUTLETS4U and all other Defendants identified in the Amended Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute

notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

9.      Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiffs or on shorter notice as set by this Court.

10.     The $10,000 bond posted by Plaintiffs shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

IT IS SO ORDERED.

DATED:  March _____, 2017

_____
U.S. District Court Judge Ronald A. Guzman

Otter Products, LLC v. 2015outlets4u, et al.
Case No. 17-cv-01041

# Schedule A

| No. | Defendant Name / Alias | No. | Defendant Name / Alias |
|---|---|---|---|
| 1 | 2015outlets4u | 2 | 2016popular |
| 3 | aicase2015 | 4 | amynaruto |
| 5 | bestonline88 | 6 | bestrcpart |
| 7 | calvintmall | 8 | cnbirdsfly |
| 9 | cometech | 10 | conan.parts |
| 11 | fashiontrain | 12 | favorhk |
| 13 | gogosource | 14 | goodebuying |
| 15 | hsw_store | 16 | hubeimx607096_2 |
| 17 | ipartshop | 18 | joliesanz |
| 19 | kczewu | 20 | lovely-malls |
| 21 | luxury_jewelry09 | 22 | max-logy |
| 23 | multi-function1002 | 24 | new.accessories |
| 25 | newway190213 | 26 | onlinephoneaccessory_5 |
| 27 | onlyyou2012 | 28 | prettystyle2007 |
| 29 | smart.mall | 30 | speedlife2011 |
| 31 | summitechnology | 32 | tiktok-tech |
| 33 | topkoo | 34 | vankyelec-hk |
| 35 | 1638399 | 36 | 2000eseller |
| 37 | otterbox.club | | |

| No. | Defendant Marketplace URL | No. | Defendant Marketplace URL |
|---|---|---|---|
| 1 | ebay.com/usr/1638399 | 2 | ebay.com/usr/2000eseller |
| 3 | ebay.com/usr/2015outlets4u | 4 | ebay.com/usr/2016popular |
| 5 | ebay.com/usr/aicase2015 | 6 | ebay.com/usr/amynaruto |
| 7 | ebay.com/usr/bestonline88 | 8 | ebay.com/usr/bestrcpart |
| 9 | ebay.com/usr/calvintmall | 10 | ebay.com/usr/cnbirdsfly |
| 11 | ebay.com/usr/cometech | 12 | ebay.com/usr/conan.parts |
| 13 | ebay.com/usr/fashiontrain | 14 | ebay.com/usr/favorhk |
| 15 | ebay.com/usr/gogosource | 16 | ebay.com/usr/goodebuying |
| 17 | ebay.com/usr/hsw_store | 18 | ebay.com/usr/hubeimx607096_2 |
| 19 | ebay.com/usr/ipartshop | 20 | ebay.com/usr/joliesanz |
| 21 | ebay.com/usr/kczewu | 22 | ebay.com/usr/lovely-malls |
| 23 | ebay.com/usr/luxury_jewelry09 | 24 | ebay.com/usr/max-logy |
| 25 | ebay.com/usr/multi-function1002 | 26 | ebay.com/usr/new.accessories |

| No. | Defendant Marketplace URL | No. | Defendant Marketplace URL |
|---|---|---|---|
| 27 | ebay.com/usr/newway190213 | 28 | ebay.com/usr/onlinephoneaccessory_5 |
| 29 | ebay.com/usr/onlyyou2012 | 30 | ebay.com/usr/prettystyle2007 |
| 31 | ebay.com/usr/smart.mall | 32 | ebay.com/usr/speedlife2011 |
| 33 | ebay.com/usr/summitechnology | 34 | ebay.com/usr/tiktok-tech |
| 35 | ebay.com/usr/topkoo | 36 | ebay.com/usr/vankyelec-hk |

| No. | Defendant Domain Name | | |
|---|---|---|---|
| 1 | otterbox.club | | |